IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                    **CRIMINAL NO. 4:01cr92**

**AKEEM LABEEB AL-MUWWAKKIL,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Akeem Labeeb Al-Muwwakkil's ("Defendant") resentencing hearing ("Resentencing" or "Hearing") following the Fourth Circuit's reversal and remand of this Court's denial of Defendant's § 2255 Motion. See United States v. Al-Muwwakkil, 983 F.3d 748 (4th Cir. 2020). ECF Nos. 101, 102. In such Hearing, Defendant argued that his February 25, 1987 felony conviction for the Use or Display of a Firearm during the Commission of Felony Abduction, under Va. Code § 18.2-53.1, did not categorically satisfy the Armed Career Criminal Act's (the "ACCA") force clause. Defendant's resentencing was fully briefed. Following oral argument of counsel, the Court found from the bench that Defendant's prior conviction under Va. Code § 18.2-53.1 was a "violent felony" under the ACCA, and that Defendant still qualified for a sentencing enhancement under the ACCA. The Court subsequently sentenced Defendant to a 270-month sentence with no further term of supervised release. This opinion memorializes the Court's reason for this decision.

### I.    PROCEDURAL HISTORY

A federal grand jury returned a one count indictment against Defendant on September 5, 2001, charging him with Felon in Possession of a Firearm, in violation of Title 18 U.S.C. § 922(g)(1). ECF No. 7. On November 8, 2001, a jury convicted Defendant, and the matter was

1

continued for sentencing. ECF No. 16. The Guideline computation in the Pre-sentence Report, ("PSR"), placed Defendant at an offense level of 24. ECF No. 75. However, Defendant qualified as an armed career criminal and his offense level rose to 33, with a criminal history category VI. Id. His advisory guideline range was 235–293 months imprisonment. Id., Worksheet D. Defendant faced a minimum sentence of 15 years in prison and maximum of life in prison because he qualified as an armed career criminal under U.S.S.G. § 4B1.4 of the Sentencing Guidelines and Title 18 U.S.C. 924(e), for numerous prior violent felony convictions. Id. At sentencing, Defendant was sentenced to 280 months imprisonment with 5 years of supervised release. ECF No. 22. Defendant appealed his conviction to the United State Court of Appeals for the Fourth Circuit, and his conviction was affirmed on October 25, 2002. ECF No. 37. On October 31, 2003, Defendant filed a Motion under Title 28 U.S.C. § 2255 seeking relief and on March 19, 2004, his petition was denied as well as a certificate of appealability. ECF No. 38. On April 12, 2004, Defendant appealed to the Court of Appeals for the Fourth Circuit and on October 7, 2004, the court denied the certificate of appealability and dismissed the appeal. ECF Nos. 42, 49.

Defendant has filed numerous motions since his first Motion under Title 28, U.S.C. § 2255. On January 3, 2006, Defendant filed a motion pursuant to Title 28 U.S.C. §§ 2244(b) and 2255(h) for authorization to file a successive or second motion under Title 28 U.S.C. § 2255, and on January 25, 2006, the Appeals Court denied authorization for a successive petition. ECF No. 50. On September 15, 2008, Defendant filed a Writ of Error Coram Nobis and on December 18, 2008, it was denied. ECF Nos. 51, 53. On January 5, 2009, Defendant filed a Motion for Reconsideration and on January 9, 2009, the Court denied the motion. ECF Nos. 54, 55. On June 24, 2009, Defendant filed a Motion for Relief and on June 29, 2009, the Court construed Defendant's Motion as a Motion under Title 28 U.S.C. § 2255. ECF Nos. 57, 58. On July 10, 2009, Defendant filed an objection to the Court's order and on July 15, 2009, the Court dismissed the motion. ECF Nos.

59, 60. On July 24, 2009, Defendant filed a notice of appeal to the Fourth Circuit and on October 22, 2009, the Fourth Circuit affirmed this Court's opinion. ECF Nos. 61, 63. On January 3, 2011, Defendant filed a motion to dismiss the indictment and on June 27, 2011, the Court denied Defendant's motion. ECF Nos. 65, 69. On August 5, 2011, Defendant again appealed to the Fourth Circuit, and on November 18, 2011, the Fourth Circuit dismissed the appeal. ECF Nos. 70, 72.

On June 21, 2016, Defendant filed a motion pursuant to Title 28 U.S.C. §§ 2244(b) and 2255(h) for authorization to file a successive or second motion under Title 28 U.S.C. § 2255 asserting that his prior felony violent convictions no longer qualify as violent felonies based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015) ("Johnson II"). On June 27, 2016, the Fourth Circuit granted Defendant's request, and Defendant subsequently filed his Third § 2255 Motion. ECF Nos. 76, 77. On July 8, 2016, this Court ordered the United States to file an answer to Defendant's Motion. ECF No. 80. The Government's Response was filed on August 8, 2016 and Defendant filed a reply on October 11, 2016. ECF Nos. 81, 86. On February 24, 2017, the Court denied Defendant's motion pursuant to Title 28 U.S.C. § 2255. ECF No. 87. Thereafter, Defendant filed two motions, a Motion to Alter or Amend Judgment, and a Motion for Expedited Judgment. ECF Nos. 89, 91. On February 14, 2018, the Court denied both motions, and Defendant appealed. ECF Nos. 92, 93.

On September 17, 2018, the Fourth Circuit granted a Certificate of Appealability on a single issue; whether Defendant has three prior violent felonies qualifying him as an armed career criminal in light of the decisions in Johnson II and Castendet-Lewis v. Sessions, 855 F.3d 253 (4th Cir. 2017). ECF No. 96. Following oral argument, on December 23, 2020, the Fourth Circuit issued a published opinion, reversing this Court's denial of Defendant's § 2255 motion and remanding the case for resentencing. See United States v. Al-Muwwakkil, 983 F.3d 748, 766 (4th

Cir. 2020). Following mandate from the Fourth Circuit, ECF No. 102, this Court set the matter for sentencing and appointed counsel to Defendant. ECF No. 103. On April 19, 2021, the United States filed a Notice of Enhanced Penalty delineating the three violent felonies that the United States would rely upon at sentencing to enhance Defendant's sentence pursuant to Title 18 United States Code §§ 922 (g) and 924 (e)(1).[1] ECF 104.

## II. APPLICABLE LAW

At his resentencing hearing, Defendant argued that his February 25, 1987 felony conviction for the Use or Display of a Firearm during the Commission of Felony Abduction, under Va. Code § 18.2-53.1, did not categorically satisfy the ACCA's force clause. ECF No. 107 at 2. The ACCA imposes a mandatory minimum 15-year term of imprisonment upon any defendant who is convicted of being a felon in possession of a firearm and has three or more prior convictions for a "violent felony or serious drug offense." 18 U.S.C. § 924(e). The ACCA's definition of "violent felony" encompasses a "crime punishable by imprisonment for a term exceeding one year" that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause); (2) "is burglary, arson, or extortion, involves use of explosives" (the enumerated clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B). Johnson v. United States explained that the phrase "physical force" in the force clause means "violent force—that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140 (2010) ("Johnson I"). In Johnson II, the Supreme Court also held the residual clause was void because it was unconstitutionally vague. 576 U.S. at 606.

---

[1] The Fourth Circuit rejected Defendant's argument that the Fourth Circuit limit the conditions of his resentencing and declined to take a position on whether the conviction at issue here qualified as a "violent felony" under the ACCA. See Al-Muwwakkil, 983 F.3d at 765–66 ("We take no position on the substantive question of whether [Defendant's] conviction for use of a firearm during an abduction qualifies as an ACCA violent felony. In advance of that resentencing hearing, the Government may . . . state which of [Defendant's] convictions it contends could serve as the third ACCA predicate, and the district court can consider the parties' arguments in the first instance.").

4

To determine whether an offense qualifies as a violent felony, a court must apply the categorical approach, whereby the court looks only at the elements of the offense and the fact of conviction. Taylor v. United States, 495 U.S. 575, 600 (1990). To qualify as a violent felony, the offense's "full range of proscribed conduct, including the least culpable proscribed conduct," must fall within the definition in Section 924(e)(2)(B). United States v. King, 673 F.3d 274, 278 (4th Cir. 2012).

Shepard v. United States requires that evidence of the prior convictions "be confined to the records of the convicting court approaching the certainty of the record of conviction." 544 U.S. 13, 20, 23 (2005). The Supreme Court identified such sources as "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Further, the Government bears the burden of proving prior conviction for a violent felony by a preponderance of the evidence. United States v. Harcum, 587 F.3d 219, 222 (4th Cir. 2009), abrogated on other grounds by United States v. Lopez-Collazo, 824 F.3d 453 (2016).

### III. DISCUSSION

As stated above, the Government filed a Notice of Enhanced Penalty delineating the three violent felonies that it would rely upon at sentencing to enhance Defendant's sentence. ECF No. 104. The Government relied on the following three convictions at resentencing: 1. Maiming, in violation of 18.2-51 Code of Virginia, as amended, on October 1, 1979 in the Circuit Court in the City of Newport News, Virginia; 2. Maiming, in violation of 18.2-51 Code of Virginia, as amended, on March 10, 1977 in the Circuit Court in the County of Bland, Virginia; 3. Use or Display a Firearm during the Commission of Felony Abduction, in violation of 18.2-53.1 Code of Virginia, as amended, on February 25, 1987 in the Circuit Court in the City of Newport News,

Virginia.

Because Defendant's 1977 and 1979 Maiming convictions qualify as ACCA violent felonies under United States v. Rumley, 952 F.3d 538, 548–50 (4th Cir. 2020),[2] the Court here is only concerned with Defendant's 1987 conviction for Use or Display of a Firearm during the Commission of Felony Abduction.

Va. Code § 18.2-53.1, stated in relevant part, dictates that "It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . abduction."[3] In a prosecution under Code § 18.2-53.1, the Commonwealth is required to prove four additional elements: (1) that the defendant "possessed" an object; (2) that this object was a "pistol, shotgun, rifle, or other firearm"; (3) that the defendant "used or attempted to use the firearm or displayed the firearm in a threatening manner"; and (4) that this action involving the firearm occurred during the commission or attempt to commit one of the felonies enumerated in the statute. Thomas v. Commonwealth, 492 S.E.2d 460, 462 (Va. Ct. App. 1997); see also Yarborough v. Commonwealth, 441 S.E.2d 342, 344 (Va. 1994) ("the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies"); Sprouse v. Commonwealth, 453 S.E.2d 303, 306 (1995) (noting that the Commonwealth must prove that "the object used to cause the victim to reasonably believe it was a firearm was, in fact, a firearm"). Use or attempted use of the firearm must occur during the predicate offense, not before or after. Rowland v. Commonwealth, 707

---

[2] "Therefore, we hold in this case that a conviction of Virginia Code § 18.2-51 is a violent felony for the purpose of applying ACCA's sentencing enhancement, as it involves "the use of physical force" required by § 924(e)(2)(B)(i)."

[3] As the Government correctly notes, the Virginia General Assembly has amended § 18.2-53.1 for various reasons since 1987, but these amendments are not material to the issue in Defendant's case. ECF No. 108 at 5.

6

S.E.2d 331, 334 (Va. 2011). Additionally, a person "uses" a firearm if he employs it, Id. at 334, and "displays" a firearm if he manifests it "to any of a victim's senses." Id. (quoting Cromite v. Commonwealth, 348 S.E.2d 38, 39 (Va. Ct. App. 1986)).

Turning next as to whether Defendant's conviction under Va. Code § 18.2-53.1 should be considered a violent felony under the ACCA, the Court must answer in the affirmative. In doing so, this Court joins other federal district courts in the Fourth Circuit that have held the same. For example, in Robinson v. United States, the district court found that "using" or "displaying" a firearm under Va. Code § 18.2-53.1 involves the type of violent force necessary to qualify as an ACCA predicate under the force clause. 7:91cr36, 2018 WL 2027092, at *2 (W.D. Va. May 1, 2018). Indeed, "[t]urning to state court interpretations of Virginia Code § 18.2-53.1 . . . it is clear that using, attempting to use, or displaying a firearm during the commission of a felony, . . . involves the 'use, attempted use, or threatened use of physical force against the person of another,' as required under the ACCA. 18 U.S.C. 18 U.S.C. § 924(e)(2)(B)(i)." Id. at *5. Similarly, in Pannell v. United States, the district court there found that "[a] review of Virginia case law establishes that even the minimum conduct necessary to allow for a conviction under Virginia Code § 18.2-53.1 requires the type of violent force, or threatened violent force necessary under the ACCA . . . ." 7:02cr2, 2018 WL 542978, at *7 (W.D. Va. Jan. 24, 2018), vacated and remanded on other grounds, 740 F. App'x 804 (4th Cir. 2018).

Virginia law clearly establishes Defendant's conviction as one which "has as an element [of] the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). As the Supreme Court of Virginia has noted, the potential for violence or threat of physical force is inherent in the presentation of a firearm. Cox v. Commonwealth, 240 S.E.2d 524, 526 (Va. 1978) (noting that a firearm "by its nature and design" is "capable of inflicting death or great bodily injury"); see also Jones v. Commonwealth, 235 S.E.2d 313, 315

7

(Va. 1977) ("The 'gist' of Code § 18.2-53.1 is the use of a firearm in situations where it is likely that weapons may be used to injure victims . . . or bystanders."). Additionally, the "display" of a firearm means the defendant must "display his firearm to promise punishment, reprisal, or other distress to the victim." Dezfuli v. Commonwealth, 707 S.E.2d 1, 5 (Va. Ct. App. 2011). Therefore, the use of a firearm during a felony, or here, an abduction, necessarily involves violent force or threatened violent force necessary for a felony to serve as a predicate offense under the ACCA, and Defendant qualifies as a career criminal under the ACCA.

Thus, the Court found Defendant's prior conviction under Va. Code § 18.2-53.1 to be a "violent felony" and subsequently a predicate offense under the ACCA for the reasons memorialized in this Order. Accordingly, the Court resentenced Defendant after thorough briefing and argument on May 6, 2021. ECF No. 110.

### IV. CONCLUSION

Upon consideration of the foregoing, and for the reasons stated on the record at Defendant's May 6, 2021 resentencing, the Court hereby finds that Defendant's prior conviction under Va. Code § 18.2-53.1 is a "violent felony" and subsequently a predicate offense under the ACCA.

The Clerk is **DIRECTED** to forward a copy of this Order to the Defendant and all Counsel of Record.

**IT IS SO ORDERED**.

Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
May 12, 2021